# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melissa Martin,<br>    Plaintiff<br><br>v.<br><br>Freedom Mortgage Corp.,<br>    Defendant | Civil Action No. 3:25-cv-01254-MEM<br><br>(District Judge Malachy E. Mannion) |

## Brief in Support of Plaintiff's Motion to Remand

### Procedural History

Plaintiff initiated this action in a Pennsylvania Magisterial District Court in Lackawanna County on March 25, 2025. (See Exhibit B.) The complaint asserted claims arising under the Real Estate Settlement Procedures Act and the Truth in Lending Act. (See Exhibit A.) Defendant did not appear and a judgment was entered against it on April 30, 2025. (See Exhibit B.) Defendant then appealed to the Lackawanna County Court of Common Pleas on May 30, 2025. Plaintiff filed a complaint on June 20, 2025. Defendant then removed the case to this Court on July 10, 2025. (Doc. 1) Plaintiff filed a motion to remand on July 25, 2025, (Doc. 8) and now files this brief in support of that motion.

### Statement of Facts

Defendant is the servicer and holder of a mortgage on Plaintiff's residence. On October 29, 2024, Plaintiff, through counsel, sent a letter to

Defendant requesting certain information concerning Plaintiff's loan, including a payoff figure. Defendant received that letter on November 5, 2024. Defendant then sent two letters in response: the first dated November 20, 2024, and a second letter dated December 21, 2024. Plaintiff's complaint asserts that Defendant's letters did not provide all of the requested information, and that the failure to timely and properly respond to Plaintiff's request for information violated the Real Estate Settlement Procedures Act and the Truth in Lending Act.

## Question Presented

Does service of a complaint asserting federal claims, filed in a Pennsylvania Magisterial District Court, trigger the 30-day removal period?

Suggested answer: Yes.

## Argument

Defendant's notice of removal is late and this case should be remanded. The removal statute is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "All doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.,* 769 F.3d 204, 208 (3d Cir. 2014)(quotation marks and citations omitted). The removing party has the burden of proving that jurisdiction exists, which can be a heavy one. *See e.g., Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)("a

removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion'")(quotation marks and citations omitted).

Here, Defendant's removal is based on federal question jurisdiction, (see Doc. 1 ¶¶ 5-7) so the notice of removal was required to be filed within 30 days of service of the first pleading setting forth the claim. 28 U.S.C. § 1446(b)(1). Defendant's notice was filed late. The first pleading setting forth the claim was a complaint filed in Magisterial District Court attached hereto as Exhibit A. The complaint asserts federal claims arising under the Real Estate Settlement Procedures Act and the Truth in Lending Act. The complaint was served on April 10, 2025 and judgment was entered on April 30, 2025. (Magisterial District Court Docket Sheet attached as Exhibit B.) Even if Defendant were to argue a defect in service, it certainly had notice of the complaint no later than June 6, 2025, the day that the Magisterial District Court docketed a notice that Defendant's appeal had been filed. (Exhibit B.) But Defendant did not file its Notice of Removal until July 10, 2025, more than 30 days later.

28 U.S.C. § 1446(a) allows removal of "any civil action from a State Court." The Magisterial District Court qualifies as such a court. Two cases are exactly on point: *McDowell v. Wetterau, Inc.*, 910 F. Supp. 236, 238 (W.D. Pa.

1995) and *Kam v. South African Airways*, 646 F. Supp. 1010 (E.D. Pa. 1986). In each of those cases, as here:

- the plaintiff filed an action in small claims court,
- a judgment was entered,
- a party then appealed to the Court of Common Pleas,
- the plaintiff filed a complaint in that court,
- the defendant removed to the United States District Court more than 30 days after the hearing in the Magisterial District Court;
- the plaintiff filed a remand motion, and
- the District Court remanded the case on the basis of timeliness.

*Id.* at 237.

The *McDowell* court described the "paramount issue" in the opinion as whether the action in Magisterial District Court[1] had been brought in a "state court" so as to be removable. *Id*. at 238. After evaluating the attributes of the Magisterial District Court, *McDowell* held that it was a "state court," and ordered remand. *Id.*

---

[1] The 1995 opinion actually refers to "the office of a Pennsylvania District Justice." However, in 2005 the Pennsylvania Supreme Court changed the title to Magisterial District Judge. https://www.pacourts.us/news-and-statistics/news/news-detail/676/district-justices-to-become-magisterial-district-judges

When seeking concurrence with the instant remand motion, Plaintiff presented Defendant with *McDowell*. Defendant made no effort to distinguish it. Instead, it explained that it believed that there is a basis for remand based on two other cases. However, neither of those authorities is on point.

Defendant's first case is the unpublished opinion *Chicke v. Experian*, No. 1:CV-09-1456 (M.D. Pa. Oct. 13, 2009)(Exhibit C). The pro se *Chicke* plaintiff filed suit in Magisterial District Court, where it was **dismissed without prejudice**. The plaintiff then filed a *separate action* in the Court of Common Pleas, and the defendant timely removed *that* new case. The plaintiff filed an objection to the removal, which the court treated as a motion to remand. The motion argued that the removed case "was the same cause of action as he presents in his common pleas case, but that the magisterial district judge dismissed it 'without full understanding of the facts' and advised Plaintiff to 'appeal' to common pleas court." *Id.* at *2. The *Chicke* court rejected that argument:

> We reject this argument based on the procedural history of the case in state court. The magisterial district judge dismissed the complaint before him without prejudice. Plaintiff then filed a new action in the court of common pleas. . . .
>
> * * *

> [T]he common pleas complaint represented an initial pleading once the magisterial district court complaint had been dismissed.

*Id.* at *4.

The district court's characterization that the Magisterial District Court complaint was dismissed (rather than a judgment being entered) was accurate. Attached as Exhibit D is the docket sheet from the Magisterial District Court complaint.[2] Note that the claims against the removing defendant – Experian – were "dismissed without prejudice" whereas the claims against a different defendant (Chase) resulted in a judgment. Thus, the docket clearly distinguishes between the two types of terminations.

Additionally, it is clear that no appeal was actually filed from the Magisterial District Court proceedings. First, the Magisterial District docket does not contain a notation that an appeal was filed. Such a notation would be present were there an appeal. (C.f., the docket sheet for the Magisterial District Court for Plaintiff herein, attached as Exhibit B, which contains an entry "Civil Appeal Filed" on June 6, 2025.) Additionally, if it were an appeal, it would have

---

[2] Note that the plaintiff's name on the District Court docket and in the opinion is spelled differently than in the state court proceedings: Chieke rather than Chicke. However, a review of the complaint that is attached to the notice of removal in the federal proceedings provides the docket number for the state court proceedings, and confirms that the two spelling variants refer to the same individual.

had to have been filed within 30 days from the Magisterial District Court judgment to be timely. (See Pa.R.C.P.M.D.J. No. 1002(A).) It was not. The Magisterial District Court judgment was entered on May 29, 2009. The docket for the Court of Common Pleas action that was removed shows that that case was filed more than 30 days later, on July 2, 2009. (See Exhibit E.) Additionally, that initial case filing was described as "New Case Filing" rather than as an appeal. *Id.* Thus, *Chicke* was not a case where an appeal was filed from a Magistrate District Court. Instead, it was a new case with a new removal deadline and is not on point.

Defendant's second case is also not helpful. In *Purdum v. Am. Express*, No. 23-4138 (E.D. Pa. Jan. 17, 2024)(unpublished)(Exhibit F), the pro se plaintiff obtained judgment in Magisterial District Court and the defendant appealed and then removed. The plaintiff sought remand, but not on the basis of timeliness. The opinion does not address timeliness, nor does it even contain the information that would be necessary to evaluate timeliness – the earliest date mentioned in the opinion was the removal date itself (not the date of service).

Instead, the plaintiff sought remand based on the lack of federal question jurisdiction and the Rooker-Feldman doctrine. The court found there was a federal question because the complaint sought to "recover . . . statutory

damages under 15 U.S.C. §§ 1635, 15 U.S.C. §§ 1640(a), and other provisions of the TILA." (*Id.* at n. 2, ellipsis in original). And the court found Rooker Feldman inapplicable because the "critical prerequisite" that "the party initiating the federal court proceeding be seeking federal review and rejection of the state court judgment" was not satisfied. *Id.,* cleaned up. Rather, the defendant's appeal had "nullified" the Magisterial District Court judgment, such that the federal court was not being asked to review it. *Id.*

The *Purdum* court denied remand not on the basis of timeliness, but rather because there was a federal question and the Rooker Feldman doctrine did not apply.

Neither of Defendant's cases are on point.

## Conclusion

Defendant cannot meet its burden of demonstrating jurisdiction – especially where the removal statute is strictly construed with all doubts resolved in favor of remand. Removal was untimely and this Court should remand.[3]

---

[3] In paragraphs 14 and 15 of the remand motion, Plaintiff explained that an award of attorney's fees would be appropriate. Plaintiff withdraws that request for fees pursuant to the remand statute but reserves any other right she may have to recover fees if she ultimately prevails in this action. *See e.g.,* 12 U.S.C. § 2605(f)(3) and 15 U.S.C. § 1640(a)(3).

Respectfully submitted,

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

## Certificate of Service

I hereby certify that I am now, and at all times was, more than 18 years of age and that the foregoing document is being served today, August 6, 2025, via the CM/ECF system upon counsel for Defendant at the following email address:

Sarah Hillman
sarah.hillman@dinsmore.com

Date: August 6, 2025                         s/Carlo Sabatini
                                             Carlo Sabatini, PA 83831
                                             Attorney for Plaintiff
                                             Sabatini Law Firm, LLC
                                             216 N. Blakely St.
                                             Dunmore, PA 18512