UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA MARTIN, | : |
| Plaintiff | : CIVIL ACTION NO. 3:25-01254 |
| v. | : (JUDGE MANNION) |
| FREEDOM MORTGAGE CORP., | : |
| Defendant | : |

## MEMORANDUM

Before the Court is plaintiff Melissa Martin's (the "Plaintiff") motion for remand. (**Doc. 8**). For the following reasons, Plaintiff's motion to remand will be **GRANTED**.

### I. BACKGROUND

By way of relevant background, on March 25, 2025, Plaintiff brought an action in Magisterial District Court in Lackawanna County against Freedom Mortgage Corporation (the "Defendant") alleging violations of the Truth in Lending Act (the "TILA") and the Real Estate Settlement Procedures Act (the "RESPA"). (Doc. 14-1). Defendant failed to appear, and, on April 30, 2025, judgment was entered for Plaintiff. (Doc. 14-2). On May 30, 2025, Defendant appealed the Lackawanna County Magisterial District Court's judgment to the Lackawanna County Court of Common Pleas. *See* (Doc. 1-

1). On June 20, 2025, Plaintiff filed a complaint in the Lackawanna County Court of Common Pleas containing similar allegations as her complaint in Magisterial District Court but with more detail than the Magisterial District Court complaint. (Docs. 14-1, 14-2). After this filing and service of process, Defendant removed the case to this court on July 10, 2025, on the basis of federal question jurisdiction. (Doc. 1). Plaintiff then filed a motion to remand and supporting brief on July 25, 2025. (Docs. 7, 14). Defendant timely filed a brief in opposition to the motion. (Doc. 15). Plaintiff timely filed a reply brief to Defendant's brief in opposition to the motion. (Doc. 16). Plaintiff's motion for remand is now ripe for review.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Thus, a civil case may be removed from state court to federal court where the complaint contains a federal question.

Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. *Scanlin v. Utica First Ins. Co.*, 426 F.Supp.2d 243, 246 (M.D.Pa. 2006) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Id.* In considering a motion to remand, the statute governing removal, 28 U.S.C. §1441, must be strictly construed against removal." *Id.* (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (citations omitted)). Moreover, ruling on the removal of any action is the prerogative of the federal courts. *Id.* (citing *Harrison v. St. Louis & S.F.R. Co.*, 232 U.S. 318, 329 (1914)).

### III.  DISCUSSION

In the present case, the parties do not dispute that there is a federal question at issue. The plaintiff alleges violations of the TILA and RESPA, which are both federal laws. Rather, the parties dispute the timeliness of Defendant's removal to federal court.

Under 28 U.S.C. §1446(b), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

Here, Defendant's removal was not timely. Plaintiff's argument that Defendant should have filed within 30 days of the complaint being filed in Magisterial District Court is correct.

Defendant argues that Plaintiff's complaint in the Lackawanna County Court of Common Pleas constitutes a separate action from the Magisterial District Court proceedings. (Doc. 15 at 1). Defendant cites to *Chicke v. Experian* to support this claim. *Id.* at 2-3. In that case, the court held that the defendant's notice of removal from the court of common pleas was timely filed where the plaintiff had filed a new claim following a magisterial district court decision dismissing the plaintiff's initial claim without prejudice. *Chicke v. Experian*, 2009 WL 3287388 (M.D.Pa. 2009). The court determined that the 30-day removal deadline began with the filing of the new complaint in the court of common pleas, rather than with the filing of the complaint in magisterial district court. *Id.* at *5. However, under Pennsylvania Magisterial District Judge Rule 1004B, "If the appellant was the defendant in the action before the magisterial district judge, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule

- 4 -

or suffer entry of a judgment of non pros." Pa.R.C.P.M.D.J. 1004B. Here, Defendant filed its appeal on May 30, 2025. (Doc. 1-1). Plaintiff received certificate of service of rule to show cause on June 4, 2025, and filed her complaint on June 20, 2025. *Id.* Thus, Plaintiff complied with the rules of procedure on appeal and the complaint is part of the appeal from the Magisterial District Court decision. Simply, Plaintiff's complaint in the Court of Common Pleas is not a separate action altogether, as in *Chicke*.

Furthermore, Defendant argues that Plaintiff's complaint in the Court of Common Pleas contains more detail and more allegations than the Magisterial District Court complaint. (Doc. 15 at 2-3). However, Plaintiff's complaint is merely more detailed than the Magisterial District Court complaint, the allegations remain TILA and RESPA claims. *Compare* (Doc. 1-2) *with* (Doc. 14-1). Given the requirement on appeal that the Plaintiff submit a new complaint, rather than the same complaint as below, the fact that the new complaint is more detailed does not render it a separate action. *See* Pa.R.C.P.M.D.J. 1004B. Thus, the action again remains an appeal of the Magisterial District Court decision, rather than a wholly separate action as in *Chicke*.

Defendant also asserts that *de novo* review revives the 30-day deadline for removal. (Doc. 15 at 1). This is incorrect. Under Pennsylvania

- 5 -

Magisterial District Judge Rule 1007, an appeal of a magisterial district court judgment "shall be conducted *de novo*[.]" Pa.R.C.P.M.D.J. 1007. Indeed, the court of common pleas "can exercise its full discretion and all parties [are] free to treat the case as though it had never been before the magisterial district judge." *Id.* at Official Note. Further, "the purpose of an appeal *de novo* is to give a litigant a new trial without reference to the record established in the minor court[.]" *Gladstone Partners, LP v. Overland Enterprises, Inc.*, 950 A.2d 1011, 1014 (Pa. Super. Ct. 2008); *see also Com. v. Speights*, 353 Pa.Super. 258, Fn. 2 (Pa. Super. Ct. 1986) ("[de novo] appeal gives the defendant a new trial without reference to the record established in the municipal court").

Here, while *de novo* review does apply to the appeal, it does not follow that the 30-day removal deadline is revived. *De novo* review simply requires the Court of Common Pleas to conduct a new trial without reference to the outcome or rationale of the Magisterial District Court decision. *Id.* It does not mean that the Magisterial District Court proceeding effectively never occurred. The note that parties are "free to treat the case as though it had never been before the magisterial district judge" is not an erasure of the existence of those proceedings, but rather an instruction to the parties that they do not have to fear that the prior decision will impact their current trial.

- 6 -

The appeal still follows from the Magisterial District Court decision and remains the same action for purposes of the 30-day removal deadline. *See KJY Investment, LLC v. 42nd and 10th Associates, LLC*, 2020 WL 7488894, *4 (D.N.J. 2020) (holding that "removal past the deadline [was] inappropriate because there was procedural continuity between the original and restated action").

Accordingly, the court finds that Defendant's notice of removal was not timely. Thus, the Plaintiff's motion to remand will be granted.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand this case to state court, (**Doc. 8**), will be **GRANTED**.

An appropriate order follows.

*(signature)*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 5, 2025**
25-1254-01